UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Turbine Generation Services LLC et al | Case No. 6:19-CV-01257 |
| Versus | Judge Michael J Juneau |
| General Electric Co et al | Magistrate Judge Carol B Whitehurst |

**ORDER**

Before the Court is a Motion to Compel Production of Documents from Lucy G. Sikes, in her Capacity as Chapter 7 Trustee for the Estate of Turbine Generation Services, LLC ("Trustee") filed by GE Oil & Gas, Inc. ("GEOG") and General Electric Company ("GE") (collectively known as "GE Defendants") [Rec. Doc. 6], a Memorandum in Opposition filed by the Trustee [Rec. Doc. 18], Memorandum in Opposition filed by filed by Turbine Powered Technology L.L.C. ("TPT") [Rec. Doc. 19] and a Reply filed by the GE Defendants. The Court previously granted a Joint Motion to Submit Documents to Court for In Camera Review by the parties, the Trustee, Turbine Generation Services, L.L.C. ("TGS"), TPT and GE. [Rec. Docs. 29, 30].

**I.      Factual Background**

While the complex background of this action involves a number of lawsuits, the Court will summarize the pertinent facts based on the record as follows.

TGS and the GE Defendants began discussions regarding a joint venture in September 2012. During the joint venture negotiations, the GE Defendants entered into an agreement with TPT in which TPT would be TGS' supplier of turbine technology for the joint venture. To that effect, TPT and TGS entered into manufacturing, sales and licensing agreements. The GE Defendants committed to funding the joint venture. Nonetheless, TGS was required to sign a Promissory Note with the GE Defendants for a $25 million investment in furtherance of the joint venture. The Note included a "Term Sheet" stating the agreed upon role of TPT in the manufacturing process. Ultimately, in 2013, the GE Defendants failed to fund the joint venture and called in TGS's obligation on the note. Throughout this period, TPT had continued to perform its obligations under the agreements. After renouncing the joint venture agreement, the GE Defendants refused to perform the assurances and obligations made to TPT.

On April 7, 2014, GEOG filed suit against TGS in this court, Case No. 6:14-cv-00760, seeking to collect on the note, enforce a guaranty and security agreement, and obtain turnover of collateral. TGS filed a Third-Party Complaint against GE. In May 2015, the court dismissed the action without prejudice for lack of diversity jurisdiction.

After dismissal from this court for lack of jurisdiction, in May, 2015, TGS sued the GE Defendants in the Fifteenth Judicial District Court, Parish of Lafayette,

State of Louisiana, Case No. 2015-2642. TGS alleged declaratory relief, breach of fiduciary duty, breach of contract, intentional/negligent misrepresentation, detrimental reliance, fraud and fraud in the inducement, breach of agreement and specific performance. ("TGS Suit").

In June 2015, the GE Defendants filed suit against TGS to collect on the promissory note in the Supreme Court in the State of New York, County of New York, Docket No. 652296/2015. GE obtained a judgment against TGS in the amount of almost $40 million.

On November 12, 2015, before the New York state court judgment, TPT filed suit against TGS and the GE Defendants in the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana, Case No. 2015-5661. In the suit against TGS, TPT alleged breach of contract based upon the written manufacturing agreement between them. TPT brought claims of intentional and negligent misrepresentation, detrimental reliance, LUPTA unjust enrichment and breach of an unwritten contract against the GE Defendants alleging that their actions caused TGS to default on its contractual obligations to TPT under their agreement. ("TPT Suit"). The TGS Suit and the TPT Suit were ultimately consolidated on April 18, 2016. *Turbine Generation Services, LLC v. GE Oil & Gas, Inc.*, Case No. 2015-2642-D.

TGS filed for bankruptcy in the Western District of Louisiana on July 30, 2018. *In re Turbine Generation Services, LLC,* Case No. 18-50942, (Bankr. W.D. La. Oct. 11, 2018). The GE Defendants filed a Notice of Removal of this case on October 22, 2018, asserting bankruptcy jurisdiction as the only ground for removal.

On November 13, 2018, TPT filed a motion for abstention and remand in the bankruptcy court. On December 4, 2018, the GE Defendants moved the district court to withdraw the reference of the Adversary Proceeding to the Bankruptcy Court based upon the GE Defendant's right to a jury trial. On December 12, 2018, the GE Defendants filed an ex parte motion for leave to amend their notice of removal, to add diversity as an additional basis for removal pursuant to 28 U.S.C. §§ 1332 and 1446(c)(1). On January 4, 2019, the bankruptcy court granted the GE Defendants' amended notice of removal to add diversity as an additional basis for removal to this court.

The district court denied the GE Defendants' motion to withdraw the reference on February 14, 2019. On August 21, 2019, the bankruptcy court granted TPT's motion for abstention from further action in the Adversary Proceeding. The bankruptcy court agreed that this Court is the proper and appropriate court to determine the diversity of citizenship and fraudulent joinder issues.

The GE Defendants re-filed the motion to withdraw the reference from the Bankruptcy Court on September 23, 2019, thereby opening the instant action. In

their motion, the GE Defendants contended that diversity jurisdiction exists in this Court, as the non-diverse defendant, TGS, was joined improperly as a defendant by TPT for the purpose of manipulating diversity jurisdiction. *R. 1*. The district judge granted the motion to withdraw the reference on November 14, 2019. *R. 17*. TPT refiled its Motion To Remand in this Court on January 31, 2020, denying the GE Defendants' contentions of diversity jurisdiction. *R. 40*.

The GE Defendants filed the instant Motion To Compel Production of Documents from Lucy G. Sikes, in her Capacity as Chapter 7 Trustee for the Estate of Turbine Generation Services, LLC.[1]

## II. Procedural Background

On October 18, 2019, the GE Defendants filed a Motion to Compel Production of Documents from the Trustee, *R. 6*, seeking documents requested by the GE Defendants—in their September 30, 2019 subpoena. The Trustee withheld the requested documents on the basis of Louisiana's common interest privilege. On November 19, 2019, the Trustee filed an Opposition to Motion to Compel on the basis of the common interest privilege, *R. 18*. TPT filed its opposition to the Motion to Compel on November 20, 2019 concurring with the Trustee's reliance on the

---

[1] While this case was pending in the bankruptcy court, the GE Defendants issued a subpoena to the Trustee on July 1, 2019. The Trustee produced a privilege log claiming a common interest privilege pursuant to Louisiana Code of Evidence article 5069B)(3). The GE Defendants moved to compel production of the documents. The bankruptcy court judge denied the motion as moot upon abstaining from the case. The GE Defendants refiled the instant motion after removal to this court.

common interest privilege. *R. 19*. GE file a reply. *R. 24*. Thereafter, the parties filed a joint motion for *in camera* review based on the common interest privilege, in which they agreed that the Court's *in camera* inspection and review of the documents that the Trustee withheld will assist the Court in resolving the discovery dispute at issue.

### III.     Arguments of the Parties

In the motion to compel, GE argues that because "procedurally" TPT is a plaintiff and TGS is a defendant they cannot legitimately claim a common legal interest, and therefore, neither can the Trustee. In particular, GE argues that TPT cannot claim that it intended on pursuing TGS for its wrongful, injurious acts against TPT, but now claim that TPT and TGS's real intent was to pursue their alleged "common enemy" — GE. The GE Defendants also contend that TPT waived any such privilege. Finally, they contend that the Trustee failed to produce any documents or communications with some of TGS's lawyers.

The Trustee maintains that TPT and TGS's common interest privilege existed the moment their interests aligned against the GE Defendants which was the point of the GE Defendants' alleged breach. The Trustee maintains she has properly asserted the privilege. Finally, the Trustee asserts she has produced all responsive, non-duplicative, non-privileged documents that she received from all of TGS's attorneys.

In its response to the motion, TPT incorporates the Trustee's Opposition Memorandum, *R. 18*, and attaches the declaration of Holden Hoggatt, *R. 19, 19-1*.

**IV.    Law and Analysis**

While the GE Defendants state that Louisiana's law of attorney-client privilege is materially similar to federal law, the parties do not dispute the Trustee relied on the Louisiana common interest privilege in withholding the documents at issue.² Rather, the GE Defendants dispute that the common interest privilege applies at all in this case. The Court will therefore consider whether the Trustee correctly relied on the Louisiana common interest privilege in her response to the subpoena and motion to compel.

Because this case is in federal court by way of diversity jurisdiction, under Rule 501 of the Federal Rules of Evidence, it is the Louisiana law of privileges that applies to evidentiary disputes. *Excess Ins. Co., Ltd. v. Saunee*, 1996 WL 409224, at *3 (E.D.La.,1996). The "common interest" privilege, which is codified in Article 506 of the Louisiana Code of Evidence provides in pertinent part:

> A client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client ... when the communication is. . . .

---

² In applying Louisiana law, the Trustee relies on the GE Defendants' removal of this action based on diversity. Even though the basis of the pending motion for remand is lack of diversity jurisdiction, for purposes of this motion only, the Court will consider the issue based on it coming before the Court by way of diversity jurisdiction.

7

> [b]y the client or his lawyer, or a representative of either, to a lawyer, or representative of a lawyer, who represents another party concerning a matter of common interest.
>
> . . .
>
> The privilege may be claimed by the client, the client's agent or legal representative, or the successor, trustee, or similar representative of a client....

La. Code Evid. art. 506(B)(3), D.

"The obvious implication of this exception is that there does exist a privilege for a communication which is relevant to a matter of common interest between or among two or more clients when not subsequently offered by one client against the other in a civil action. This is consistent with the general rule as to 'joint client' privileges, which is that they may not be waived by only one of the participating clients." *Excess Insurance*, 1996 WL 409224, at *3 (citing *In re Auclair,* 961 F.2d 65, 70 (5th Cir.1992).

The GE Defendants extensively argue that because TPT sued TGS for breach of a manufacturing agreement related to the joint venture with the GE Defendants, they cannot "claim to be adversaries in the lawsuit but also claim a common legal interest for purposes of avoiding the production of their colluding communications." *R. 6-1, pp. 7-8.* The GE Defendants rely on *Illinois Union Insurance Co. v. Louisiana Health Service and Indemnity Co.*, 2017 WL 2955355, at *7 (E.D.La., 2017) as a case similar to this one because

the interest of TPT as plaintiff is purportedly antagonistic to the interest of TGS as a defendant. In that case, Illinois Union as the insurer of Blue Cross, denied coverage to Blue Cross, its insured, and refused to defend it. Under those facts, the court concluded that the two companies did not share a common interest. While *Illinois Union* may be similar to the lawsuit between TPT and TGS for breach of contract and the issues related thereto, the Trustee asserts that the common interest privilege she has asserted is based on the issues and claims under which TGS and TPT are aligned on the same grounds set forth against the GE Defendants in the TGS suit and in the TPT suit. Under those circumstances, *Illinois Union*, provides no support for the GE Defendants' contention that the Trustee has no common interest privilege. The Court agrees.

The GE Defendants also rely on *Ferko v. National Association for Stock Car Auto Racing, Inc.*, in support of their position that TPT and TGS cannot claim to be adversaries in a lawsuit and also claim a common legal interest. *Id.,* 219 F.R.D. 403 (E. D. Tex. 2003). In *Ferko*, the court reconsidered its denial of a motion to quash NASCAR's subpoena filed by plaintiffs, shareholders of Speedway Motorsports, Inc. The court examined "whether a shareholder plaintiff and a corporation share a common legal interest in a shareholder derivative lawsuit[.]" *Id.* at 405-406. The court concluded that plaintiffs' and Speedway's similarity of interests did not constitute a common legal interest, in

9

part because "[t]he legal interests of Ferko and Speedway diverged immediately when Speedway refused Ferko's demand to sue NASCAR." *Id*. at 406. Furthermore, the court characterized the corporation's recovery of damages and the shareholder plaintiffs' recovery of attorney fees as a shared commercial interest which did not trigger the common interest doctrine. *Id*. at 406 n.1.

The Court finds that GE's reliance on *Ferko* in support of its position that TPT and TGS are adversaries and as such cannot also claim common interest is inapposite to this case. Here, while TPT has a lawsuit against TGS, it is also aligned with TGS as to its suit against the GE Defendants based on the facts presented in this dispute. Moreover, in addition to the lack of similarity of facts, the *Ferko* court relied solely on federal law.

The Trustee further points out that while the court's decision in *Mack Energy Co. v. Red Stick Energy, L.L.C.*, 2019 WL 4752110, at *4 (W.D.La., 2019) is also distinguishable from the instant case, it is instructive. In *Red Stick*, the court held that the common interest privilege did not apply to communication during negotiations in which plaintiff and defendant were adverse. Here, however, the Trustee confirms that she is only asserting the privilege as to communications made in furtherance of matters on which TGS and TPT were aligned.

The GE Defendants further argue that no privilege can exist prior to the establishment of the common interest agreement created by TPT and TGS in written correspondence dated January 7, 2016. Article 506(B)(3), however, contains no requirement that an explicit agreement exist for the common interest privilege to arise. Instead, the statute instructs that the privilege exists by operation of law where certain facts are present. In *J. Caldarera & Co., Inc. v. Ernest N. Morial Exhibition Hall Authority*, 2019 WL 3719544, at *4 (La.App. 4 Cir., 2019), the court determined that parties are entitled to the common interest privilege when their interests align. The Trustee represents that while TGS and TPT shared a common interest as of January 7, 2016, the date of the written correspondence, the statute instructs that their common interest actually began the moment their interests aligned against GE – when GE allegedly breached its obligations and fiduciary duty leading to TGS's default on its exclusive contract with TPT – actions prior to the GE Defendants filing suit against TGS on April 7, 2014

Finally, the GE Defendants assert that even if TGS and TPT could claim a common interest privilege, TPT has waived any such privilege by making a partial production of allegedly privileged communications without explicitly claiming the privilege. Citing *Excess Insurance*, the Trustee argues that even if TPT has waived its privilege to any of the communications within the Trustee's

11

privilege log, any such waiver by TPT is not sufficient to waive the Trustee's right to assert the common interest privilege as to those communications. *See Excess Insurance,* 1996 WL 409224, at *3 (citing *In re Auclair*, 961 F.2d at 70) ("the general rule as to 'joint client' privileges is that they may not be waived by only one of the participating clients.") Rather, the Trustee states, "'[u]nder the common interest rule, waiver of the privilege requires the consent of all parties who share the privilege.'" *See BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Estate Advisor, Inc.,* 2013 WL , at *11 (E.D. La. Aug. 15, 2013) *rev'd on other grounds*, 614 Fed. App'x 690 (5th Cir. 2015) (quoting *Killebrew v. City of Greenwood*, 1997 WL 208140, at *2 (N.D.Miss. Apr.11, 1997)). Finally, the Trustee notes that Louisiana Code of Evidence article 502(C) provides that "[w]here two or more persons are joint holders of a privilege, a waiver of the right of one joint holder to claim the privilege does not affect the right of another joint holder to claim the privilege." La. Code Evid. art. 502(C).

Based on the above statute and jurisprudence, the Court finds that any waiver of the common interest privilege by TPT did not affect the right of the Trustee to claim the privilege.

As to the GE Defendants' contentions that the Trustee failed to produce any documents or communications with the ten TGS attorneys they have listed,

12

the Trustee represents that she produced to the GE Defendants all responsive, non-duplicative, nonprivileged documents in her possession that she received from each of TGS's attorneys, including those listed in the GE Defendants' Motion to Compel. In further responding, the Trustee specifically explains her actions taken with regard to production as to the attorneys in 1) the Provost Umphrey Law Firm, 2) The Steffes Firm, LLC, 3) Babineaux, Poche, Anthony & Slavic, LLC, 4) Mintz & Gold, LLP, 5) Cohen & Gressor, and 6) Phillips Lytle, LLP. Thus, the Trustee has sought the production of all requested documents from the attorneys listed by the GE Defendants and has provided the responsive, non-privileged documents in her possession to the GE Defendants.

In summary, after extensive *in camera* review of the documents outlined in the privilege logs and withheld by the Trustee under the Louisiana common interest doctrine and consideration of the GE Defendants' arguments, the Court finds that the documents represent communications between the parties' lawyers and/or their or their lawyers' representatives and pertain to their aligned common interests. The Trustee properly relied on the Louisiana common interest doctrine in withholding the documents at issue from production. Accordingly,

13

**IT IS ORDERED** that the Motion To Compel Production of Documents from Lucy G. Sikes, in her Capacity as Chapter 7 Trustee for the Estate of Turbine Generation Services, LLC filed by GE Oil & Gas, Inc. and General Electric Company [Rec. Doc. 6] is **DENIED**.

**THUS DONE AND SIGNED** this 13th day of March, 2020 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE