# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Turbine Generation Services LLC et al | Case No. 6:19-cv-01257 |
| Versus | Judge Michael J Juneau |
| General Electric Co et al | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion To Remand filed by Plaintiff, Turbine Powered Technology L.L.C. ("TPT"), [Rec. Doc. 40], an Opposition filed by GE Oil & Gas, Inc. ("GEOG") and General Electric Company ("GE") (collectively referred to as "the GE Defendants") [Rec. Doc. 47 ] and TPT's Reply thereto [Rec. Doc. 50].[1] For the reason that follow, the Court will recommend that the motion be granted.

### I.   FACTUAL BACKGROUND

According to the various pleadings from the state court proceedings as well as the bankruptcy court proceedings referenced in the parties' exhibits, *R. 40; 47,* in September 2012, TGS and the GE Defendants began discussions regarding a joint venture. During the joint venture negotiations, the GE Defendants entered into an

---

[1] The owner of TPT is defendant McIntyre Investments L.L.C., and the owner of TGS is defendant Michael B. Moreno, the Court will refer to each collectively as "TPT" or "TGS, respectively.

agreement with TPT in which TPT would be TGS's supplier of turbine technology for the joint venture. To that effect, TPT and TGS entered into manufacturing, sales and licensing agreements. The GE Defendants committed to funding the joint venture. Nonetheless, TGS was required to sign a Promissory Note with the GE Defendants for a $25 million investment in furtherance of the joint venture. The Note included a "Term Sheet" stating the agreed upon role of TPT in the manufacturing process. Ultimately, in 2013, the GE Defendants failed to fund the joint venture and called in TGS's obligation on the note. Throughout this period, TPT had continued to perform its obligations under the agreements. After renouncing the joint venture agreement, the GE Defendants refused to perform the assurances and obligations made to TPT.

On April 7, 2014, GEOG filed suit against TGS in this court, Case No. 6:14-cv-00760, seeking to collect on the note, enforce a guaranty and security agreement, and obtain turnover of collateral. TGS filed a Third Party Complaint against GE. In May 2015, the court dismissed the action without prejudice for lack of diversity jurisdiction.

After dismissal from this court for lack of jurisdiction, in May, 2015, TGS sued the GE Defendants in the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana, Case No. 2015-2642. TGS alleged declaratory relief, breach of fiduciary duty, breach of contract, intentional/negligent misrepresentation,

2

detrimental reliance, fraud and fraud in the inducement, breach of agreement and specific performance. ("TGS Suit").

On November 12, 2015, TPT filed suit against TGS and the GE Defendants in the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana, Case No. 2015-5661. In the suit against TGS, TPT alleged declaratory relief for breach of contract based upon the written manufacturing and sales agreement between them. TPT brought claims of intentional and negligent misrepresentation, detrimental reliance, LUPTA unjust enrichment and breach of an unwritten contract against the GE Defendants alleging that the GE Defendants' actions caused TGS to default on its contractual obligations to TPT under their agreement. ("TPT Suit"). The TGS Suit and the TPT Suit were ultimately consolidated on April 18, 2016 making TGS both a plaintiff and a defendant. *Turbine Generation Services, LLC v. GE Oil & Gas, Inc.*, Case No. 2015-2642-D.

In June 2015, prior to the TPT suit, the GE Defendants filed suit against TGS to collect on the promissory note in the Supreme Court in the State of New York, County of New York, Docket No. 652296/2015. GE obtained a judgment against TGS in the amount of $25 million (at the present the Judgment is significantly more with added interest and attorney fees).

Approximately three years later, TGS filed for bankruptcy in the Western District of Louisiana on July 30, 2018. *In re Turbine Generation Services, LLC*, Case

No. 18-50942, (Bankr. W.D. La. Oct. 11, 2018). On October 22, 2018, the GE Defendants removed the consolidated state court case to the U.S. District Court for the Western District of Louisiana pursuant to 28 U.S.C. §§1334 and 1452, as the action was "related to" the TGS Bankruptcy. *Turbine Powered Tech., L.L.C. v. GE Oil & Gas, Inc*., Case No. 18-01373 (W.D. La. Oct. 22, 2018). The GE Defendants asserted bankruptcy jurisdiction as the only ground for removal. The District Court referred the action to the Bankruptcy Court on October 23, 2018, commencing Adversary Proceeding, Number 18-05039.

On November 13, 2018, TPT filed a motion for abstention/remand with the bankruptcy court. On December 4, 2018, the GE Defendants moved the district court to withdraw the reference of the Adversary Proceeding to the Bankruptcy Court based upon the GE Defendant's right to a jury trial. On December 12, 2018, the GE Defendants filed an ex parte motion for leave to amend their notice of removal, to add diversity as an additional basis for removal pursuant to 28 U.S.C. §§ 1332 and 1441. On January 4, 2019, the bankruptcy court granted the GE Defendants' amended notice of removal to add diversity as an additional basis for removal to this court.

The District Court denied the GE Defendants' motion to withdraw the reference on February 14, 2019. On August 21, 2019, the bankruptcy court granted TPT's motion for abstention from further action in the Adversary Proceeding. The

Bankruptcy Court agreed that this Court is the proper and appropriate Court to determine the diversity of citizenship and fraudulent joinder issues.

The GE Defendants re-filed the motion to withdraw the reference from the Bankruptcy Court on September 23, 2019, thereby opening the instant action. In their motion, the GE Defendants contended that diversity jurisdiction exists in this Court as the non-diverse defendant, TGS, was joined improperly as a defendant by TPT for the purpose of manipulating diversity jurisdiction. *R. 1*. The district judge granted the motion to withdraw the reference on November 14, 2019. *R. 17*. TPT refiled its Motion To Remand in this Court on January 31, 2020, disputing the GE Defendants' contentions of diversity jurisdiction. *R. 40*.

## II. THE PARTIES CONTENTIONS

TPT contends that the GE Defendants cannot rely on "other paper" to support the position that their Notice of Removal was filed timely under 28 U.S.C. § 1446 (b)(3). TPT further contends that the GE Defendants cannot show that TPT was in bad faith in order to invoke the bad faith exception and overcome 28 U.S.C. § 1446(c)(1). TPT asserts that the applicable jurisprudence supports that remand of this case to state court is appropriate.

The GE Defendants argue that their removal is timely because it was made within 30 days of receiving "other paper" authorizing removal under § 1446(b)(3) in the form of TPT's failure to file a claim in the TGS bankruptcy proceedings. They

5

further argue that TPT improperly joined TGS in bad faith knowing that it cannot recover against TGS because of its bankruptcy.

### III. APPLICABLE LAW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

The improper joinder doctrine is a narrow exception to the complete diversity rule. *McDonald v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). "The party

seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004) (*enbanc*). To establish improper joinder, the party seeking removal must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). When a case that initially was not removable because of the presence of a non-diverse or resident defendant later becomes removable, "[t]he question is simply whether at the time of removal, the plaintiffs effectively had taken the resident defendant out of the case, so as to leave a controversy wholly between the plaintiffs and the nonresident defendant." *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 692 (5th Cir. 1995), (abrogated on other grounds).

## IV. DISCUSSION

### A. OTHER PAPER

28 U.S.C. § 1446(b)(1) permits removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief...." If the initial pleading does not present a removable case, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of **a copy of an amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or

7

has become removable." 28 U.S.C. § 1446(b)(3) (Emphasis added). Such sources should present "newly acquired facts" to permit removal. *S. W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

"'[O]ther paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (quoting *S.W.S. Erectors*, 72 F.3d at 494). The Fifth Circuit recognizes deposition testimony transcripts as "other paper" for purposes of a court's timely-removal analysis. *S.W.S. Erectors*, 72 F.3d at 494. "[A] defendant's subjective knowledge cannot convert a case into a removable action." *Id.* "[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446.

The GE Defendants initially removed this case on October 22, 2018, under 28 U.S.C. §§ 1334 and 1452, as it was "related to" TGS's bankruptcy. On December

12, 2018, more than 30 days later, the GE Defendants filed a motion to amend their notice of removal to add diversity as an additional basis for removal. In the amended removal, the GE Defendants claimed that TPT's failure to file a proof of claim in TGS's bankruptcy proceedings was "other paper" under 28 U.S.C. § 1446(b)(3) from which they were able to ascertain that the case was removable. Citing cases primarily outside of the Fifth Circuit jurisdiction, the GE Defendants contend that "courts interpret the concept of 'other paper' very broadly" and that "other paper: "includes any relevant information received by Defendants." *R. 47, p. 10.* They note that "courts have found deposition testimony, affidavits, discovery responses, a damage model[2] and even an internet search[3] constitute 'other paper.'" *Id. at p. 11*.

TPT argues that the GE Defendants did not remove this case in a timely manner and disputes the GE Defendants' claim that TPT's failure to file a proof of claim constitutes "other paper." It argues that, as with all removal statutes, § 1446(b)(3) must be strictly construed. It rejects the GE Defendants contention that a "non-paper" such as TPT's action or inaction constitutes "some type of paper" which has been "received, or filed or exchanged" as required by the statute.

---

[2] In *Notley v. Sterling Bank*, 2006 WL 2017412 (N.D. Tex. 2006), the district court found that the damage model was a paper that plaintiff voluntarily provided to defendant

[3] In *Beasley v. Personal Finance Corporation*, 279 B.R. 523, 531 (S.D.Miss.,2002), the bankruptcy court found that the defendant first received notice of removal jurisdiction when the defendant found the notice of plaintiff's' voluntary act of filing bankruptcy posted to an internet website.

9

Thus, the issue before this Court is whether or not TPT's failure to file a proof of claim in the TGS bankruptcy proceedings constitutes "other paper" which would make the GE Defendants' amended removal notice timely under 28 U.S.C. §1446(b)(3). Neither party cites authority which is on point to the issue stated above. While the Court is also unable to locate jurisprudence on point, the Court finds that existing Fifth Circuit jurisprudence provides the guidance necessary to make such a determination.

The Fifth Circuit has long held that neither the defendant's subjective knowledge nor a writing setting forth the defendant's subjective knowledge can convert a case into a removable action. *See S. W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996). In *Bosky v. Kroger Texas, LP*, the Fifth Circuit established a "bright line" rule for the 30 day removal period under § 1446(b):

> **the information supporting removal in a copy of an amended pleading, motion, order or other paper must be unequivocally clear and certain** to start the time limit running for a notice of removal under the second paragraph of section 1446(b). This clearer threshold promotes judicial economy. It should reduce protective removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Bosky*, 288 F.3d 208, 211 (5th Cir. 2002) (Emphasis added). The *Bosky* court cited *S. W.S. Erectors, Inc.*, which it deemed to be consistent with its

"unequivocally clear and certain" standard. *Bosky*, at 212 (citing *S. W.S. Erectors, Inc.*, 72 F.3d at 491–92 (5th Cir.1994)).

In *Morgan v. Huntington Ingalls, Inc.*, the Fifth Circuit considered whether or not oral testimony at a deposition constitutes "other paper." In holding that it does not constitute "other paper" the court stated, "[t]hough removal statutes are to be construed strictly against removal and for remand, this canon does not trump a plain language reading of the statute's terms." The court explained:

> 'Paper' is defined as 'a written or printed document or instrument.' Black's Law Dictionary 1266 (4th ed. 1951). 'Receipt' is defined as the 'act of receiving; also, the fact of receiving or being received; that which is received.' *Id*. at 1433.16 'Copy' is defined as 'the transcript or double of an original writing." *Id.* at 405. 'Ascertain' means 'to make certain, exact, or precise' or 'to find out or learn with certainty.' Thus, 'ascertain' requires 'a greater level of certainty or that the facts supporting removability be stated unequivocally.' *Id*. 'The information supporting removal in a copy of an amended pleading, motion, order or other paper' under § 1446(b)(3)18 'must be 'unequivocally clear and certain' to start the time limit running.' *Id*.

> The plain meaning of each of these words suggests that the information giving notice of removal must be contained in a writing. The defendant must actually 'receive' a 'copy' of the pertinent information. To say that a defendant receives a copy of the information upon oral testimony defies logic. The definition of 'paper' contemplates a written 'document' or 'instrument.' The definition of 'copy' specifically states that the 'double' must be in 'writing.' Oral testimony is not a written document or instrument. Further, as *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 212 (5th Cir. 2002)] explains, 'ascertain' requires a high level of certainty. Although it is possible that an oral deposition can provide such certainty, transcripts are often the key that a court must use to evaluate disputes over whether the testimony forms the basis for removal.

> Moreover, under the *ejusdem generis* canon of statutory construction, 'other papers' should be read similarly to 'amended pleading, motion, order.' All three of those items are generally reduced to a writing— though not always. All, however, are modified by 'copy of,' which emphasizes the written nature of these three documents.

*Id.*, 879 F.3d 602, 612 (5th Cir. 2018). Based on the foregoing, the Fifth Circuit in *Morgan* adopted the "bright-line rule" that "Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript." *Id.* at 612.

Unlike the "other paper" cited in the foregoing cases, TPT's action of failing to file a proof of claim in TGS' bankruptcy proceedings is not based upon information in a tangible document. TPT represents that it made the tactical decision not to file a proof of claim against TGS because it was an unsecured creditor and GEOG, as a secured creditor, held a judgment of over twenty-five million dollars. The Court finds that the GE Defendants' reliance on TPT's failure to file a proof of claim in TGS's bankruptcy proceedings was merely subjective knowledge on the part of the GE Defendants' counsel and is neither "unequivocally clear and certain" information supporting removal nor does it provide notice of any changed circumstances supporting federal jurisdiction.[4] Thus, TPT's failure to file a proof of claim in a bankruptcy proceeding is not an "other paper" and removal is not ascertainable from that inaction. *See i.e., VTX Communications, LLC v. AT&T Inc.*, 2020 WL 918670, at *9 (S.D.Tex., 2020).

---

[4] Nor was TPT's inaction a "voluntary act."

12

Even assuming *arguendo* that the GE Defendants could rely on the "other paper" exception contained in 28 U.S.C. §1446(b)(3), the Court finds that the GE Defendants have failed to establish that TPT acted in bad faith in order to remove this action more than one year after its commencement.

### B. BAD FAITH

As provided in the foregoing, pursuant to § 1446(b)(3), a defendant must file a notice of removal within 30 days of receiving a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is removable, 28 U.S.C. § 1446(b)(3). In any event, however, pursuant to § 1446(c)(1), a defendant may not remove a case if it has been more than one year since the suit commenced, unless the defendant shows the plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(c)(1). Section 1446(c)(1) provides: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.*

The GE Defendants admit they removed this case based on diversity jurisdiction more than one year from its commencement. They contend, however, that the notice of removal is timely because TPT acted in bad faith by improperly

joining the nondiverse defendant, TGS, because TPT never intended to pursue its claims against TGS.

Both parties cite the Fifth Circuit's recent decision discussing improper joinder, *Hoyt v. Lane Construction Corp.*, 927 F.3d 287 (5th Cir. 2019). In *Hoyt,* the court explained that in determining whether a plaintiff acted in bad faith to prevent removal, a court must focus on what motivated the plaintiff in the past, that is whether the plaintiff's litigation conduct was intended "to prevent a defendant from removing the action." *Id.* at 293 (quoting 28 U.S.C. § 1446(c)(1)). On that basis, the Fifth Circuit affirmed the district court's conclusion that plaintiffs had acted in bad faith where the plaintiffs dismissed a non-diverse defendant just two days after the one-year removal deadline expired. *Id.* at 292. The plaintiffs did so without receiving any consideration in return for the dismissal. *Id*. The record also reflected that even though the plaintiffs knew for months prior to the dismissal that the evidence would not support a claim against the nondiverse defendant, they only "half-heartedly" pursued their claims against that defendant, waited until the one-year limit expired, and then dismissed the defendant "for free." *Id*. at 292–93. Because the plaintiffs failed to explain why the settlement and dismissal occurred just two days after the deadline expired, the Fifth Circuit refused to find that the district court committed clear error when it concluded that the plaintiff's conduct demonstrated their intent to prevent removal and bad faith. *Id*. at 293.

Here, unlike the *Hoyt* court's inquiry on the plaintiff's *past* litigation conduct to prevent removal, the GE Defendants focus on the facts *after* the time of removal in their attempt to establish bad faith on the part of TPT. They contend that TPT's failure to file a proof of claim in TGS's bankruptcy proceedings proves that TPT improperly joined TGS merely to destroy diversity. The GE Defendants further contend that "bad faith" is also demonstrated by TPT's "coordination" with TGS in their separate suits against the GE Defendants, including that TPT claimed a common interest privilege with TGS, that TPT did not actively pursue its claims against TGS in state court and that TPT served only token discovery upon TGS. In defense of this position, the GE Defendants argue that they are in compliance with *Hoyt* because they maintain that "TPT improperly joined TGS in bad faith, but that TPT effectively concealed its bad faith at the inception of the suit." *R. 47, p. 19.*

In response to the GE Defendants argument that TPT improperly joined TGS in bad faith from the beginning, TPT asserts that the Court should assess whether or not TPT's claim against TGS was valid at the time of the joinder. TPT cites *Smallwood v. Ill. Cent. RR. Co.*, 385 F.3d 568 (5th Cir. 2004) (*enbanc*) in support of this position. In *Smallwood*, the court stated that because "the purpose of the improper joinder inquiry is to determine whether or not the in-state [non-diverse] defendant was properly joined, the focus of the inquiry must be on the joinder...." TPT contends that just as the improper joinder inquiry focuses on the joinder which

15

occurred in the past, the *Hoyt* court held that a bad faith claim is an inquiry into "what motivated the plaintiff in the past." It is under this analysis that TPT argues the GE Defendants cannot establish that it improperly joined TGS in an attempt to manipulate the Court's jurisdiction. The Court agrees.

The extensive history related to this action demonstrates that the GE Defendants have long endeavored to litigate the effects of their withdrawal from the joint venture with TGS and TPT in federal court. Ultimately, finding themselves in bankruptcy court in this Judicial District, the GE Defendants removed the two consolidated state court suits to this Court as being "related" to the bankruptcy case. They filed an amended notice of removal under diversity claiming for the first time that TPT improperly joined TGS to destroy diversity. Later, they moved this Court to withdraw the reference from the bankruptcy court.

Now the GE Defendants move the Court to find that TPT was in bad faith when it filed its state court action because it never intended to pursue an action against TGS. Instead, they contend TPT and TGS perceived the GE Defendants as their "enemy" and colluded against them apparently resulting in the complex litigation history noted above. The GE Defendants further contend that they never knew about this collusion until TPT failed to file a proof of claim in TGS's bankruptcy.

The record is undisputed that TPT had a written agreement with TGS which was breached when the joint venture with the GE Defendants failed. Thus, TPT had a valid cause of action against TGS and did not improperly join TPG. The GE Defendants removed the consolidated state court case approximately three years after TPT sued TGS along with the GE Defendants solely on the basis of bankruptcy jurisdiction. TPT never dismissed TGS, and but for TGS's bankruptcy resulting from the GE Defendants' lawsuit in New York, the case would have proceeded to trial on the merits.

Moreover, based on the complex history of this litigation it is inconceivable that TPT and TGS could have plotted or colluded to cause any of the results which have occurred in this case. TPT represents, and the Court has found, that its failure to file a proof of claim in TGS's bankruptcy was a subjective, tactical decision by its counsel in light of the amount of debt owed to the secured creditor—the GE Defendants. The Court finds that TPT was not in "bad faith" in joining TGS in the consolidated state court suit in 2015 nor at any time in the litigation.

## V. CONCLUSION

Based on the foregoing, the Court finds that the GE Defendants cannot rely on the "other paper" exception, and therefore violated 28 U.S.C. § 1446(c)(3) by failing to remove that action within thirty days. While the Court's finding of untimely removal under § 1446(c)(3) requires the case to be remanded, the Court

also finds that TPT was not in "bad faith" by joining TGS in its state court lawsuit, and therefore, the GE Defendants also violated 28 U.S.C. § 1446(b)(1) by failing to remove this action within one year. Accordingly,

**IT IS RECOMMENDED** that the Motion To Remand filed by Plaintiff, Turbine Powered Technology LLC [Rec. Doc. 40] be **GRANTED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 27th day of March, 2020 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE